IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH DINGLER, #0998964, § § § Plaintiff, § § v. § § FNU LNU, § § Defendant. § | No. 3:24-cv-01785-X (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Joseph Dingler, a state prisoner proceeding *pro se*, filed a document that the Court has liberally construed as a civil rights complaint. ECF No. 2. He has not paid the filing fee.

For the reasons below, the District Judge should summarily dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless, within the time for filing objections to this recommendation or by some other deadline established by the District Judge, Dingler pays the full filing fee of $405.00.

**Legal Standards and Analysis**

Prisoners may not proceed *in forma pauperis* (IFP) if, while incarcerated or detained in any facility, they have filed three or more civil actions or appeals in federal court dismissed as frivolous, malicious, or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

Dingler has accrued three "strikes" under § 1915(g). Before filing his complaint in this case, and while he was incarcerated as a prisoner, Dingler filed at least three other civil cases that were dismissed as frivolous or for failure to state a claim under 28 U.S.C. § 1915(e). *See Dingler v. Bowles*, 113 F. App'x 6, 7 (5th Cir. 2004) (per curiam) (finding the dismissal of the plaintiff's appeal counted as one strike under § 1915(g), and he accumulated two additional strikes in *Dingler v. Bowles*, No. 04-10130 (5th Cir. June 22, 2004)).

Because Dingler has accumulated three strikes, § 1915(g) precludes him from proceeding IFP unless he alleges he is in "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O' Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). The imminent danger exception is intended to apply to "genuine emergencies, where time is pressing." *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)). In addition, there must be a connection between the alleged imminent danger and the claims in the plaintiff's complaint. *See, e.g.*, *Prescott v. UTMB Galveston Tex.*, No. 21-40856, 2023 WL 4419367, at *4 (5th Cir. July 10, 2023).

Here, Dingler does not allege that he is in imminent danger of serious physical injury. He is therefore barred from proceeding IFP under § 1915(g) and must pay the full filing fee.

**Recommendation**

The District Judge should summarily dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless, within the time for filing objections to this recommendation or by some other deadline established by the District Judge, Dingler pays the full filing fee of $405.00.

SO RECOMMENDED July 16, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).