UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH DINGLER, #0998964, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> FNU LNU, § <br> § <br> *Defendant*. § <br> § | Civil Action No. 3:24-CV-1785-X-BT |

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Joseph Dingler's motion for reconsideration under Federal Rule of Civil Procedure 59(e) and a motion for a hearing. The Court **GRANTS** the motion under Rule 59(e) and **DISMISSES WITHOUT PREJUDICE** the case. Therefore, the Court also **FINDS AS MOOT** the motion for a hearing.

Dingler mailed a letter to Chief Judge Godbey detailing a prior interaction Dingler had with an officer whom Dingler alleged killed someone, claiming he was deprived of his Sixth Amendment rights, and claiming the Texas judicial system is corrupt. To prevail on a Rule 59(e) motion to alter or amend a judgment, Dingler must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact.[1]

While Dingler's initial filing is ambiguous as to whether it is simply a poorly drafted complaint or a letter that complains, Dingler consistently argues he never

---
[1] *See Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

1

intended the letter to be a legal complaint. The Fifth Circuit dealt with a similar situation in *Carmouche v. Hooper*,[2] where the Court found it "significant" that the pro se litigant repeatedly stated he never intended his letter to operate as a complaint.[3] While Dingler's letter is much closer to a legal complaint than the one in *Carmouche*, the Court finds important the Fifth Circuit's admonition that wielding the liberal construction rule for pro se complaints as a sword, rather than a shield, defeats its purpose.[4] Here, the Court should have dismissed this civil action upon learning his ambiguous filing was not actually intended as a legal complaint.

As a result, the Court **GRANTS** the motion for reconsideration, **FINDS AS MOOT** the motion for a hearing, and **DISMISSES WITHOUT PREJUDICE** this civil action.

**IT IS SO ORDERED** this 27th day of May, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[2] 77 F.4th 362 (5th Cir. 2023).

[3] *Id.* at 368.

[4] *Id.*